```
                              United States Bankruptcy Court
                               Eastern District of Wisconsin
In re:                                                         Case No. 12-32640-svk
Pierre McDonald                                                Chapter 13
           Debtor
                              CERTIFICATE OF NOTICE
District/off: 0757-2          User: hk                  Page 1 of 2         Date Rcvd: Sep 17, 2012
                              Form ID: pdf1             Total Noticed: 20
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 19, 2012.
```
db          +Pierre McDonald, Sr.,    2730 North 10th Street,     Milwaukee, WI 53206-3222
cr          +Bank of America, N.A.,    c/o Gray & Associates, L.L.P.,    16345 W. Glendale Drive,
              New Berlin, WI 53151-2841
7935400     +Attorney Kevin P. Sullivan,    Milwaukee City Attorney's Office,    200 East Wells Street, Room 800,
              Milwaukee, WI 53202-3515
7935401     +Attorney M. Abigail O'Dess,    O'Dess & Associates,    1414 Underwood Avenue,    Suite 403,
              Milwawukee, WI 53213-2653
7935402     +Aurora Medical Group-Milwaukee,    c/o Account Recovery Service,    3031 North 114th Street,
              Milwaukee, WI 53222-4218
7935403     +Bank of America,   Attn: Bankruptcy Department,     450 American Street,
              Simi Valley, CA 93065-6285
7935404     +Capital One,   Attn: Bankruptcy Department,    P.O. Box 30281,    Salt Lake City, UT 84130-0281
7935405     +Capitol One,   Attn: Bankruptcy Department,    P.O. Box 30281,    Salt Lake City, UT 84130-0281
7935408     +Ermed, S.C.,   c/o OAC,    P.O. Box 371100,    Milwaukee, WI 53237-2200
7935409     +Federal National Mtg Association,    Attn: Bankruptcy Department,    One South Wacker Drive,
              Chicago, IL 60606-4625
7935411     +Milwaukee City,   Attn: Clerk,    200 East Wells Street, Room 205,    Milwaukee, WI 53202-3591
7935412     +Milwaukee Radiologists, LTD,    c/o OAC,    P.O. Box 371100,    Milwaukee, WI 53237-2200
7935414     +Saxton Mortgage,   Attn: Bankruptcy Department,    P.O. Box 202079,    Florence, S.C 29502-2079
7935415      The Home Deport/CBNA,    Attn: Bankruptcy Department,    P.O. Box 5497,    Sioux falls, SD 57117
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
7935406     +E-mail/Text: EBN.CTREAS@milwaukee.gov Sep 18 2012 00:55:23     City of Milwaukee Treasurer,
              City Hall, Room 103,    200 East Wells Street,    Milwaukee, WI 53202-3599
7935407      E-mail/PDF: mrdiscen@discoverfinancial.com Sep 18 2012 03:27:19
              Discover Financial Services, LLC,    Attn: Bankruptcy Department,    P.O. Box 15316,
              Wilmington, DE 19850
7942267      E-mail/PDF: mrdiscen@discoverfinancial.com Sep 18 2012 03:27:19     Discover Bank,
              DB Servicing Corporation,    PO Box 3025,    New Albany, OH 43054-3025
7935410      E-mail/Text: bankruptcy@landmarkcu.com Sep 18 2012 00:57:16     Landmark Credit Union,
              Attn: Bankruptcy Department,    2775 South Moorland Road,    New Berlin, WI 53151
7935413     +E-mail/PDF: gecsedi@recoverycorp.com Sep 18 2012 03:27:25     Sams Club/GECRB,
              Attn: Bankruptcy Department,    P.O. Box 965005,    Orlando, FL 32896-5005
7935416      E-mail/Text: Bankruptcy-Notifications@we-energies.com Sep 18 2012 00:55:55    We Energies,
              Attn: Bankruptcy, Room A130,    333 West Everett Sttreet,    Milwaukee, WI  53201
                                                                                             TOTAL: 6

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                        TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Sep 19, 2012**                **Signature:**      _Joseph Speetjens_

Case 12-32640-svk    Doc 20    Filed 09/19/12    Page 1 of 8

```
District/off: 0757-2           User: hk                 Page 2 of 2              Date Rcvd: Sep 17, 2012
                               Form ID: pdf1            Total Noticed: 20
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 16, 2012 at the address(es) listed below:
          Clifton G. Owens   on behalf of Debtor Pierre McDonald cgowens04@sbcglobal.net,
           cgobkynotices@gmail.com;cgowens8131@aol.com;rough12@aol.com
          Jay J. Pitner   on behalf of Creditor  Bank of America, N.A.
           bknotices@gray-law.com;bknotice@gmail.com
          Mary B. Grossman    ecf@chapter13milwaukee.com
          Office of the U. S. Trustee    ustpregion11.mi.ecf@usdoj.gov
                                                                                                                                          TOTAL: 4

# United States Bankruptcy Court
## Eastern District of Wisconsin

In re   Pierre McDonald                                         Case No.   12-32640
                                                                Chapter    13

## CHAPTER 13 PLAN

### NOTICES

**NOTICE TO DEBTORS:** This plan is the model plan as it appears in the Appendix to the Local Rules of the Bankruptcy Court for the Eastern District of Wisconsin on the date this plan is filed. **THIS FORM PLAN MAY NOT BE ALTERED IN ANY WAY OTHER THAN WITH THE SPECIAL PROVISIONS IN SECTION 10.**

☒   A check in this box indicates that the plan contains special provisions set out in Section 10 below.

**NOTICE TO CREDITORS: YOUR RIGHTS WILL BE AFFECTED BY THIS PLAN.** You should read this Plan carefully and discuss it with your attorney. If you oppose any provision of this plan you must file a written objection. The time to file an objection will be in a separate notice. Confirmation of this Plan by the Court may modify your rights. You may receive less than the full amount of your claim and/or a lesser interest rate on your claim.

**You must file a proof of claim in order to be paid under this Plan. Payments distributed by the Trustee are subject to the availability of funds.**

### THE PLAN

Debtor or Debtors (hereinafter "Debtor") propose this Chapter 13 Plan:

**1.   Submission of Income.**

☐ Debtor's annual income is above the median for the State of Wisconsin.
☒ Debtor's annual income is below the median for the State of Wisconsin.

   **(A).** Debtor submits all or such portion of future earnings or other future income to the Chapter 13 Trustee (hereinafter "Trustee") as is necessary for the execution of this Plan.

   **(B).** Tax Refunds (Check One):

   ☒ Debtor is required to turn over to the Trustee 50% of all net federal and state income tax refunds received during the term of the plan.
   ☐ Debtor will retain any net federal and state tax refunds received during the term of the plan.

**2.   Plan Payments and Length of Plan.** Debtor shall pay the total amount $52,073.24 by paying $721.67 each)
☒ Month ☐ week ☐ every two weeks ☐ semi-monthly to Trustee by ☐ Periodic Payroll Deduction(s) from (check one) Debtor ☐ Joint Debtor or by ☒ Direct Payment(s) for the period of 60 months. The duration of the plan may be less if all allowed claims in every class, other than long-term claims, are paid in full.

☒ If checked, plan payment adjusts as indicated in the special provisions located at Section 10 below.

1

3. **Claims Generally. The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief.** Creditors may file a proof of claim in a different amount. Objections to claims may be filed before or after confirmation.

> The following applies in this Plan:
>
> **CHECK A BOX FOR EACH CATEGORY TO INDICATE WHETHER THE PLAN OR THE PROOF OF CLAIM CONTROLS:**

|   |   | Plan Controls | Proof of Claim Controls |
|---|---|---|---|
| A. | Amount of Debt | ☒ | ☐ |
| B. | Amount of Arrearage | ☒ | ☐ |
| C. | Replacement Value - Collateral | ☒ | ☐ |
| D. | Interest Rate - Secured Claims | ☒ | ☐ |

> **FAILURE TO CHECK A BOX UNDER A CATEGORY IN THIS SECTION WILL MEAN THAT A PROPERLY FILED PROOF OF CLAIM WILL CONTROL FOR THE CORRESPONDING SUB-PARAGRAPH OF THE PLAN.**

4. **Administrative Claims.** Trustee will pay in full allowed administrative claims and expenses pursuant to 507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

> **(A). Trustee's Fees.** Trustee shall receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee, not to exceed 10% of funds received for distribution.
>
> **(B). Debtor's Attorney's Fees.** The total attorney fee as of the date of filing the petition is $3,500.00. The amount of $00.00 was paid prior to the filing of the case. The balance of $3,500.00 will be paid through the plan. Pursuant to 507(a)(2) and 1326(b)(1), any tax refund submission received by the trustee will first be used to pay any balance of Debtor's Attorney's Fees.
>
> **Total Administrative Claims: $ 3,500.00**

5. **Priority Claims.**

> **(A). Domestic Support Obligations (DSO).**
>
> ☒ If checked, Debtor does not have any anticipated DSO arrearage claims or DSO arrearage claims assigned, owed or recoverable by a governmental unit.
>
> ☐ If checked, Debtor has anticipated DSO arrearage claims or DSO arrearage claims assigned, owed or recoverable by a governmental unit. Unless otherwise specified in this Plan, priority claims under 11 U.S.C. 507(a)(1) will be paid in full pursuant to 11 U.S.C. 1322(a)(2). A DSO assigned to a governmental unit might not be paid in full. 11 U.S.C. 507(a)(1)(B) and 1322(a)(2).

| (a) DSO Creditor Name and Address | (b) Estimated Arrearage Claim | (c) Total Paid Through Plan |
|---|---|---|
| Totals | $ | $ |

> **(B). Other Priority Claims (e.g., tax claims).** These priority claims will be paid in full through the plan.

| (a) Creditor | (b) Estimated claim |
|---|---|
| Totals: | $ 0.00 |

> **Total Priority Claims to be paid through plan: $0.00**

6. **Secured Claims.** The holder of a secured claim shall retain the lien securing such claim until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under

2

Case 12-32640-svk    Doc 20    Filed 09/19/12    Page 4 of 8

**Section 1328.** **The value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of the claim.**

### (A). Claims Secured by Personal Property.

☐ If checked, The Debtor does not have claims secured by personal property which debtor intends to retain. Skip to 6(B).

☒ If checked, The Debtor has claims secured by personal property which debtor intends to retain.

(i). **Adequate protection payments.** Creditor must file a proof of claim to receive adequate protection payments. Upon confirmation the treatment of secured claims will be governed by Paragraph (ii) below. The Trustee shall make the following monthly adequate protection payments to creditors pursuant to 1326(a)(1)(C):

| (a) Creditor | (b) Collateral | (c) Monthly Adequate protection payment amount |
|---|---|---|
|  |  | $ |
|  | Total monthly adequate protection payments: | $ |

(ii). **Post confirmation payments.** Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b).

### (a). Secured Claims - Full Payment of Debt Required.

☐ If checked, the Debtor has no secured claims which require full payment of the underlying debt. Skip to (b).

☒ If checked, the Debtor has secured claims which require full payment of the underlying debt. Claims listed in this subsection consist of debts (1) secured by a purchase money security interest in a vehicle; (2) which debt was incurred within 910 days of filing the bankruptcy petition; and (3) which vehicle is for the personal use of the debtor; **OR**, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. See 1325(a)(5). After confirmation the Trustee will pay the monthly payment in column (f).

| (a) Creditor | (b) Collateral | (c) Purchase Date | (d) Claim Amount | (e) Interest Rate | (f) Estimated Monthly Payment | (g) Estimated Total Paid Through Plan |
|---|---|---|---|---|---|---|
| CitiMortgage | 2545 N 21st St Milw | 2009 | $13,900.00 | 3.25 | Pro Rata | $ |
| FNMA | 4825 N. Mother Daniels Way | 2009 | $14,900.00 | 3.25 | Pro Rata |  |
| City of Milw | 2545 N 21st St Milw | 2011 | $ 3,133.00 | 12.00 | Pro Rata |  |
| **TOTALS** |  |  | $31,933.00 | Various | Pro Rata | $ 35,426.40 |

3

(b). **Secured Claims - Replacement Value.**

☒ If checked, the Debtor has no secured claims which may be reduced to replacement value. Skip to (B).

☐ If checked, the Debtor has secured claims which may be reduced to replacement value. The amount of the debt or the replacement value assigned to the property is in column (d).

| (a) Creditor | (b) Collateral | (c) Purchase Date | (d) Replacement Value/Debt | (e) Interest Rate | (f) Estimated Monthly Payment | (g) Estimated Total Paid Through Plan |
|---|---|---|---|---|---|---|
|  |  |  | $ |  | $ | $ |
| TOTALS |  |  | $ |  | $ | $ |

(B). **Claims Secured by Real Property Which Debtor Intends to Retain.**

(i) ☐ If checked, the Debtor does not have any claims secured by real property that Debtor intends to retain. Skip to (C).

☒ If checked, the Debtor has claims secured by Real Property that debtor intends to retain. Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise.

| See 10 | |
|---|---|
|  |  |

(ii)

☐ If checked, the Debtor has an arrearage claim secured by Real Property that the Debtor will cure through the Plan. Trustee may pay each allowed arrearage claim the estimated monthly payment indicated in column (d) until paid in full.

| (a) Creditor | (b) Property | (c) Estimated Arrearage Claim | (d) Estimated Monthly Payment | (e) Estimated Total Paid Through Plan |
|---|---|---|---|---|
| TOTALS |  | $ |  | $ |

**Total Secured Claims to Be Paid Through the Plan:** $ 35,426.40

(C). **Surrender of Collateral.** This Plan shall serve as notice to creditor(s) of Debtor's intent to surrender the following collateral. Any secured claim filed by a secured lien holder whose collateral is surrendered at or before confirmation will have their secured claim treated as satisfied in full by the surrender of the collateral.

| (a) Creditor | (b) Collateral to be surrendered |
|---|---|
| BAC Home Loan | 2410 N Sherman Blvd Milw |

7. **Unsecured Claims.**

(A). Debtor estimates that the total of general unsecured debt not separately classified in paragraph (b) below is $See 10 After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of not less than $11,000.00 or 0.00%, whichever is greater.

(B). Special classes of unsecured claims: None

**Total Unsecured Claims to Be Paid Through the Plan: See 10**

8. **Executory Contracts and Unexpired Leases.**

4

☐ If checked, the Debtor does not have any executory contracts and/or unexpired leases.

☒ If checked, the Debtor has executory contracts and/or unexpired leases. The following executory contracts and unexpired leases are assumed, and payments due after filing of the case will be paid directly by Debtor. Debtor proposes to cure any default by paying the arrearage on the assumed leases or contracts in the amounts projected in column (d) at the same time that payments are made to secured creditors after confirmation.

| (a) Creditor | (b) Nature of lease or executory contract | (c) Estimated arrearage claim | (d) Estimated monthly payment |
|---|---|---|---|
| | | Totals:$ | $ |

All other executory contracts and unexpired leases are rejected upon confirmation of the plan.

9. **Property of the Estate.** Property of the estate shall revest in Debtor (Check one):
☐ Upon Confirmation; or
☒ Upon Discharge

**10. Special Provisions.** Notwithstanding anything to the contrary set forth above, the Plan shall include the provisions set forth below. **The provisions will not be effective unless there is a check in the notice box preceding Paragraph 1 of this plan.**

Section 1 Plan Payments: Plan payments shall increase in 24 months because claim of Landmark Credit Union will be paid in full. Plan payments shall increase to $971.82 for balance of plan.

Section 4 (B) - Debtor's Attorney Fees: All attorney fees to be paid in full before any payments are made any creditor.

Section 5 - Domestic Support Obligations: None

Section 6 - Secured Claims: Debtor will file adversary proceedings to determine the secured status of mortgage held by CitiMortgage and Federal National Mortgage Association on rental properties located at 2545 N 21st St and 4825 N Mother Daniels Way Milwaukee, Wisconsin. Debtor will pay real estate taxes and insurance forthwith. Landmark Credit Union will be paid directly.

Section 7 - Unsecured Claims: Unsecured Creditors shall not receive less than $11,000.00 under best interest test.

Section 8 - Executory Contracts-Unexpired Leases: None

Other Special Provisions: Order of payment
1) Attorney fees
2) Secured creditors
3) Priority creditors (taxes)
4) Unsecured creditors

5

**11. Direct Payment by Debtor.** Secured creditors and lessors to be paid directly by the Debtor may continue to mail to Debtor the customary monthly notices or coupons or statements notwithstanding the automatic stay.

**12. Modification.** Debtor may file a pre-confirmation modification of this plan that is not materially adverse to creditors without providing notice to creditors if the Debtor certifies that said modification is not materially adverse to said creditors.

Date  September 13, 2012　　　　　　　　　　　　　　　　Signature _____

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Debtor

Attorney Clifton G Owens
State Bar No. 1010362
Wilson Broadnax & Owens
8131 W Capitol Dr
Milwaukee, WI 53222
414-462-50500
414-4627114 Fax
E-mail CGOWENS8131@AOL.COM

Chapter 13 Model Plan - as of January 20, 2011

6

Case 12-32640-svk    Doc 20    Filed 09/19/12    Page 8 of 8